William HERMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 785S281.

Supreme Court of Indiana.

Aug. 24, 1988.

Pat Riley, Riley & Riley, Rensselaer, John B. Wilson, Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from denial of a petition for post-conviction relief. There are two issues presented: (1) whether the post-conviction court erred by failing to make specific written findings of fact and conclusions of law; and (2) whether the post-conviction court erred in its determination that appellant's guilty plea was knowingly and voluntarily entered.

### I

■ Appellant raises the issue of the post-conviction court's failure to include specific findings of fact and conclusions of law in its order denying post-conviction relief but fails to present argument or citation in support. While Indiana Rules of Procedure for Post–Conviction Remedies Rule 1, § 6 provides "[t]he court shall make specific findings of fact, and conclusions of law on all issues presented", when the issues are sufficiently presented for review and addressed by the parties, the failure to enter specific findings of fact and conclusions of law is not reversible error. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

■ The order denying post-conviction relief consists of eleven pages of detailed analysis concerning each issue presented by appellant. While not labeled as findings of fact and conclusions of law, the order contains sufficient information to enable review on the merits. There is no reversible error.

### II

■ Appellant claims his guilty plea was not voluntarily or intelligently entered because the trial court failed to advise him according to Ind.Code § 35–4.1–1–3, now Ind.Code § 35–35–1–2. He claims he was not adequately advised concerning the following:

(a) the court would proceed with judgment and sentencing if a plea was entered;

(b) the right to a speedy and public trial by jury;

(c) that the State was required to prove his guilt beyond a reasonable doubt;

(d) the possibility of receiving an increased sentence based upon his prior convictions;

(e) the court was not a party to nor bound by the plea agreement.

He also asserts that there was an insufficient factual basis presented for him to understand the nature of the charges against him.

In *White v. State* (1986), Ind., 497 N.E.2d 893, the majority of this court set a new standard for reviewing guilty pleas. *White* established that:

"[a] petitioner who claims that his plea was involuntary and unintelligent but

can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent."

*White*, 497 N.E.2d at 905.

The efforts in the litigation below do not meet the requisite burden. There is no showing that the trial court's failure to advise appellant of these rights or to require a more detailed factual basis affected appellant's decision to plead guilty. While acknowledging that his petition was filed prior to the *White* decision, the proper remedy in that situation is for appellant to bring a second petition. *White*, 497 N.E.2d at 906.

*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), established that certain advisements, namely the right to a trial by jury, the right to confront one's accusers and the right against self incrimination, are constitutionally mandated. The *White* standard does not affect the *Boykin* advisements. Claim (b) above, that appellant was not advised of his right to a speedy and public trial by jury, raises *Boykin* issues. However, this part of appellant's claim is not supported by the record. The record clearly reflects that appellant was advised he was entitled to a speedy public trial by jury and if the court accepted the plea of guilty, he would be waiving his right to a trial by jury.

The burden of showing that the court's alleged failure to properly advise him affected his decision to enter a plea of guilty has not been carried.

The post-conviction court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.