**STATE of Indiana, Appellant–
Respondent,**

v.

**Janet EILAND, Appellee–Petitioner.**

No. 02A05–9804–PC–210.

Court of Appeals of Indiana.

March 16, 1999.

Rehearing Denied May 20, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Thomas C. Allen, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

STATON, Judge

The State appeals from a grant of post-conviction relief to Janet Eiland. The State raises one issue on appeal, which we restate as: whether the trial court erred by granting Eiland's petition.

Eiland pled guilty to and was convicted of operating a motor vehicle while intoxicated. The transcript of the guilty plea hearing reads as follows:

[Prosecutor]: Next is Janet Eiland, 90–17905, 17905. Did you see your rights on t.v.?

[Eiland]: Yes I did.

[Prosecutor]: Did you understand them?

[Eiland]: Yes.

[Prosecutor]: O.K. You're being charged with operating while intoxicated, a class A misdemeanor, alleged to have occurred on the 24th day of June, 1990 at California, west of Parnell. Do you need some time to talk to an attorney

. . .

[Eiland]: No I do not.

[Prosecutor]: . . . or are you prepared to enter a plea today?

[Eiland]: I'm prepared.

COURT: What is your plea then?

[Eiland]: Guilty.

COURT: We'll refer you to the Alcohol Countermeasure Program also. Be back here for sentencing at 9 o'clock, July. . . .

Record at 48–49. Eiland filed a petition for post-conviction relief, alleging that her plea was not supported by a factual basis. The post-conviction court granted Eiland's petition. The post-conviction court gave two reasons for vacating Eiland's conviction. First, the post-conviction court found that the trial court had not inquired into the factual basis prior to accepting Eiland's guilty plea. Second, the post-conviction court found that the trial court had failed to inform Eiland that she was waiving her constitutional rights by pleading guilty. This appeal ensued.

We reverse and remand with instructions.

Under the rules of post-conviction relief, the petitioner bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied*. Review of a judgment granting post-conviction relief is governed by Ind. Trial Rule 52(A). *State v. Van Cleave*, 674 N.E.2d 1293, 1295 (Ind.1996), *reh. denied*. "We reverse only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that mistake has been made." *Id.* (quoting *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995), *reh. denied* ). "Clear error" review requires the appellate court to assess whether "there is *any* way the trial court could have reached its decision." *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind.1997), *reh. denied* (quoting *Spranger*, 650 N.E.2d at 1120) (emphasis in original). We defer substantially to findings of fact but not to conclusions of law. *Moore*, 678 N.E.2d at 1261.

Initially, the State argues on appeal that the trial court should not have vacated Eiland's conviction because a sufficient factual basis existed for her plea. The State did not raise this argument to the post-conviction court. In fact, the State admitted that a factual basis had not been established. The State's failure to argue this issue to the post-conviction court results in waiver. *Jester v. State*, 551 N.E.2d 840, 843 (Ind.1990).

Pursuant to IND.CODE § 35–35–1–3(b) (1988), a trial court may not accept a guilty plea unless a sufficient factual basis for the plea has been established. *Hendrickson v. State*, 660 N.E.2d 1068, 1070 (Ind.Ct.App. 1996), *trans. denied*. Although a factual basis was not established in this case, the State contends that lack of a factual basis in the record does not mandate reversal. The State argues that a petitioner also bears the burden of demonstrating that she was preju-

diced by the failure to establish a factual basis. Eiland made no attempt to demonstrate prejudice in this case; the only evidence she submitted was transcripts of the guilty plea and sentencing hearings, which established the lack of a factual basis. Because Eiland did not prove prejudice, the State contends that reversal was unwarranted.

The State raises an issue that has not been squarely addressed by Indiana appellate courts—whether a petitioner who proves that a factual basis for her guilty plea was not established must also prove that she was prejudiced by this error. Eiland cites several cases where this court has ordered the vacation of convictions, resulting from guilty pleas, due to the lack of an adequate factual basis in the record. *See Jones v. State*, 603 N.E.2d 888 (Ind.Ct.App.1992); *Snowe v. State*, 533 N.E.2d 613 (Ind.Ct.App.1989); *Anderson v. State*, 396 N.E.2d 960 (Ind.Ct. App.1979), *reh. denied.* These cases make no mention of a requirement that the petitioner prove prejudice resulting from the lack of a factual basis. Accordingly, Eiland argues that a petitioner need not prove prejudice, and that lack of a factual basis in the record mandates vacation of a conviction based upon a guilty plea.

Other cases, cited by the State, suggest that such a requirement does exist. *See Herman v. State*, 526 N.E.2d 1183, 1185 (Ind. 1988); *Clay v. State*, 532 N.E.2d 1204, 1206 n. 2 (Ind.Ct.App.1989), *trans. denied.* In *Herman*, the supreme court considered a petitioner's argument that he had not been adequately advised of his rights and that a factual basis for his guilty plea had not been established. The court held: "The [petitioner's] efforts in the litigation below do not meet the requisite burden. *There is no showing that the trial court's failure to ad-*vise appellant of these rights or *to require a more detailed factual basis affected appellant's decision to plead guilty.*" 526 N.E.2d at 1185 (emphasis added). Thus, the supreme court required the petitioner to show more than an inadequate factual basis—the petitioner was also required to show that this error affected his decision to plead guilty.

We would consider *Herman* determinative of this issue if it were not for the context of the supreme court's holding. The supreme court's opinion provides very little discussion regarding the factual basis issue. The discussion consists of nothing more than a statement of petitioner's argument and the holding quoted above. The supreme court also cited its earlier pronouncement in *White v. State*, 497 N.E.2d 893 (Ind.1986), but the court's reference to *White* was to its specific holding that a petitioner must show prejudice resulting from the trial court's failure to advise him of his rights as required by IC 35–35–1–2. Thus, the citation clearly supported the supreme court's holding that the petitioner was not entitled to relief based upon the trial court's failure to advise him of his rights, but the supreme court did not explain how *White* also supported its conclusion that a petitioner must show that the failure to establish an adequate factual basis affected his decision to plead guilty.

We believe that *White* indeed supports the conclusion that a petitioner must show that an inadequate factual basis affected his decision to plead guilty. In *White*, the petitioner argued that he had not voluntarily and intelligently pled guilty because the trial court had not advised him of his rights as required by IC 35–35–1–2. At the time of the petitioner's guilty plea, IC 35–35–1–2 provided, in part:

The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime, without first addressing the defendant and:

(1) determining that he understands the nature of the charge against him;

(2) informing him that by his plea he waives his right to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) informing him of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; . . .

Overruling prior case law, the supreme court held that a petitioner does not meet his burden of proof by merely establishing that the trial court failed to make this advisement. *Id.* at 905. Rather, the petitioner must also prove that the trial court's failure to comply with IC 35–35–1–2 rendered his decision to plead guilty involuntary or unintelligent. *Id.*

In fashioning this new rule, the supreme court held that the advisements mandated by IC 35–35–1–2 are not constitutionally required. *Id.* at 895–900. Too, the supreme court made the following observations:

Routine reversal of convictions on technical grounds imposes substantial costs on society. . . . Jurors, witnesses, judges, lawyers, and prosecutors may be required to commit further time and other resources to repeat a trial which has already taken place. The victims are caused to relive frequently painful experiences in open court. The erosion of memory and the dispersal of witnesses may well make a new trial difficult or even impossible. If the latter is the case, an admitted perpetrator will be rewarded with freedom from prosecution. Such results prejudice society's interest in the prompt administration of justice, reduce the deterrent value of any punishment, and hamper the rehabilitation of wrongdoers.

The [rule enunciated by the case *White* overruled] has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all.

*Id.* (citation omitted). These considerations have equal application to this case.

■ Like the advisements required by IC 35–35–1–2, the statutory requirement that a factual basis be established is not mandated by constitutional law. *See* 2 WAYNE L. LA-FAVE AND JEROLD H. ISRAEL, CRIMINAL PROCEDURE, § 20.4(f).[1] The purpose of the factual basis requirement is to "ensure that when a plea is accepted there is sufficient evidence that a court can conclude that the defendant could have been convicted had he stood trial." *Butler v. State*, 658 N.E.2d 72, 76 (Ind. 1995). "In short, [the factual basis requirement] ensures that a person who pleads guilty truly is guilty." *Id.*

Justice would not be served by requiring that a conviction be vacated in every case where the trial court has failed to ensure that an adequate factual basis for the guilty plea is contained in the record. Rather, we believe the onus should be placed on the petitioner, the person who initially pled guilty to the crime, to come forward with evidence establishing that she was prejudiced by the lack of a factual basis. Evidence proving that the petitioner did not commit the crime to which she pled guilty would, of course, meet this burden. Any other evidence establishing that the petitioner would not have pled guilty had a factual basis inquiry been undertaken would also be relevant.

■ Here, Eiland presented no evidence indicating that she was prejudiced by the lack of a factual basis. Accordingly, we must reverse if the post-conviction court was also in error regarding its second reason for granting Eiland's petition. The post-conviction court concluded that the trial court's failure to inform Eiland that she was waiving her constitutional rights by pleading guilty required it to grant Eiland's petition. The State argues that this conclusion was error.

The record reflects that Eiland was advised of her rights on television and that upon questioning she indicated that she understood those rights. The trial court did not specifically inform Eiland that she was waiving her constitutional rights by pleading guilty. The post-conviction court concluded that this resulted in Eiland not formally waiving her constitutional rights.

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) for the exception to this rule. That exception applies in cases where the defendant pleads guilty while professing innocence. *See* 2 WAYNE L. LaFAVE AND JEROLD H. ISRAEL, CRIMINAL PROCEDURE, § 20.4(f).

A petitioner is not entitled to reversal of his conviction solely because a trial court did not advise him of his rights as required by IC 35–35–1–2. *White,* 497 N.E.2d at 905. The petitioner must also prove that the trial court's failure rendered his decision to plead guilty involuntary or unintelligent. *Id.* The exception to this rule is where a petitioner has not been advised of his *Boykin* rights—the right to trial by jury, the right of confrontation, and the right against self-incrimination. *Id.; Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Unless the record reveals that the petitioner knew or was advised of his *Boykin* rights at the time of his plea, his conviction must be vacated. *White,* 497 N.E.2d at 905.

Because a petitioner's conviction will not be vacated as a result of the trial court's failure to advise him of his rights, except for the *Boykin* rights, it necessarily follows that the trial court's failure to explain that entering a plea of guilty waives these rights will not require that a conviction be vacated. The petitioner must also establish prejudice as a result of the trial court's failure to make this explanation. With respect to the *Boykin* rights, this court has held that "*Boykin v. Alabama* does not require that the record of the guilty plea proceeding show that the accused was formally advised that entry of his guilty plea waives certain constitutional rights...." *Barron v. State,* 164 Ind.App. 638, 330 N.E.2d 141, 144 (1975), *reh. denied.* Accordingly, Eiland is not entitled to have her conviction reversed due to the trial court's failure to advise her that by pleading guilty she waives her rights unless Eiland can also prove prejudice. Because Eiland made no such showing, we must reverse.

Finally, we note that the record is inadequate as it pertains to the trial court's advisement of Eiland's *Boykin* rights. Although the record establishes that Eiland saw her "rights on t.v.," it does not specify exactly which rights Eiland was informed of. The record must affirmatively show that a petitioner was advised of the *Boykin* rights prior to the entry of her plea. *Williams v. State,* 263 Ind. 165, 325 N.E.2d 827, 833 (1975), *reh. denied.* Our supreme court has held that the record may be rehabilitated during the post-conviction phase to establish that the petitioner was indeed informed regarding her *Boykin* rights at the time she pled guilty. *Youngblood v. State,* 542 N.E.2d 188, 189 (Ind.1989), *reh. denied.* Because the post-conviction court raised this issue *sua sponte* at the post-conviction hearing, the State was not given the opportunity to present evidence regarding the contents of "rights on t.v." shown to Eiland. On remand, the State must be given the opportunity to prove that Eiland was informed regarding her *Boykin* rights prior to her plea.

We reverse and remand. On remand, the post-conviction court must hold an additional hearing. At that hearing, Eiland shall be given the opportunity to prove prejudice resulting from the failure to establish a factual basis for her plea and from the trial court's failure to advise her that by pleading guilty she waives her rights. The State shall be given the opportunity to prove that Eiland was informed regarding her *Boykin* rights prior to entry of her guilty plea.

Reversed and remanded with instructions.

RILEY, J., and BROOK, J., concur.