**Jose Daniel SEGURA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 10A01–9906–PC–218.**

Court of Appeals of Indiana.

June 5, 2000.

1. I.C. 35–48–4–1 (Burns Code Ed. Repl.1998).

2. I.C. 6–7–3–11(b) (Burns Code Ed. Supp. 1995). I.C. 6–7–3–11(b) was repealed by Acts 1996, P.L. no. 65, § 4.

3. Both of these counts were charged in cause number 10D02–9301–CF–001.

Susan K. Carpenter, Public Defender of Indiana, Stephen T. Owens, Deputy Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON PETITION
## FOR REHEARING

SULLIVAN, Judge

On April 4, 2000, we issued a Memorandum Decision, *Segura v. State*, 726 N.E.2d 906, as follows:

Appellant, Jose Daniel Segura (Segura), appeals the post-conviction court's denial of his successive petition for post-conviction relief.

We affirm.

The facts most favorable to the judgment reveal that on January 26, 1995, Segura pleaded guilty to two counts of Dealing in Cocaine,[1] a Class B felony and failure to pay the Controlled Substance Excise Tax,[2] a Class D felony as part of a plea agreement. . He was sentenced to two ten (10) year fixed terms for each of the counts of dealing in cocaine and one and one-half (1½) years for failure to pay the controlled excise tax. The sentences were to run concurrently.

In the first post-conviction proceeding, one count of dealing in cocaine and one count of failure to pay the controlled substance excise tax[3] were "dismissed"[4]

4. Because Segura had already been convicted of these offenses, it is more accurate to state that these convictions were vacated.

upon double jeopardy considerations. The post-conviction court denied Segura's initial petition for post-conviction relief on the remaining count.

In his successive petition for post-conviction relief, Segura claimed that he received ineffective assistance of counsel for his guilty plea because his attorney failed to advise him of the possibility that his guilty plea conviction could result in deportation.

Segura was born on January 27, 1962. He came to the United States as a juvenile, but never became a United States citizen. At an evidentiary hearing upon the successive petition for post-conviction relief, Segura's guilty plea counsel, David Mosely (Mosely), testified that he did not tell Segura that deportation could be a consequence of his guilty plea. Mosely did not inquire into Segura's citizenship status, and thus he was unaware that Segura was not a United States citizen until after Segura had been transferred to the Department of Corrections and received notice that a hearing was proposed by the INS to determine if he should be deported as a result of the convictions. The post-conviction court denied Segura's successive petition for post-conviction relief.

The sole issue presented upon appeal is whether the failure of Segura's counsel to advise him of the possible civil federal deportation consequences of being convicted of a felony requires the setting aside of his guilty plea conviction.

Segura contends that to prevail upon a claim of ineffective assistance of counsel after a guilty plea conviction, he must show that: 1) guilty plea counsel's performance was deficient; and 2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted upon going to trial. *Hill v. Lockhart* (1985) 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. He notes that Indiana adopted this two-part standard in *Burse v. State* (1987) Ind., 515 N.E.2d 1383. While Segura acknowledges our Supreme Court's decision in *State v. Van Cleave* (1996) Ind., 674 N.E.2d 1293, *reh'g granted in part upon other grounds*, 681 N.E.2d 181, *cert. denied,* he contends that we should consider his case in conformity with *Burse.*

Notwithstanding the apparent and well-grounded rationale for the test set forth in *Burse,* the second prong of that test has been modified for cases resolved by a guilty plea. In *Van Cleave, supra,* 674 N.E.2d at 1296, our Supreme Court focused upon the second prong of the test. The issue was "whether it is sufficient to set aside a conviction if the postconviction court concludes that there is a reasonable probability the defendant would not have pleaded guilty but for the deficient performance [of counsel], or must the defendant establish a reasonable probability that the ultimate result—conviction—would have been different" if counsel's performance had not been deficient. *Id.* Our Supreme Court, after considering both alternatives, held that a defendant must show a reasonable probability of acquittal at trial in order to vacate a conviction resulting from a guilty plea. *Id.* at 1294.

In this case, we need not address whether the performance of Segura's counsel was deficient. *See Toan v. State* (1998) Ind.App., 691 N.E.2d 477, 479 (quoting *Strickland v. Washington* (1984) 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674) (stating that in a claim for ineffective assistance of counsel, it is not necessary to address both parts of the standard " 'if the defendant makes an insufficient showing on one' of them"). Segura has not presented any evidence to establish a reasonable prob-

ability of acquittal if this case had gone to trial.[5] The only evidence of ineffective assistance of counsel which Segura has brought forth is that his attorney failed to advise him of the possible deportation consequences of his guilty plea. This does not establish a reasonable probability that Segura would have been acquitted if he had chosen to go to trial.

Further, the factual basis established at the guilty plea hearing would indicate otherwise. The State represented that if the matter had gone to trial, the evidence would reflect that on June 3, 1991, a Confidential Informant (CI), working in cooperation with the police, made arrangements to purchase cocaine from Segura at his residence. The CI was given money, fitted with a body wire, and purchased approximately one gram of cocaine from Segura. Segura agreed that these facts were correct and further agreed that he knowingly or intentionally delivered cocaine in an amount which weighed less than three grams.

Thus, because Segura has not shown a reasonable probability that he would have been acquitted had he gone to trial, the second prong of the test required to vacate a conviction resulting from a guilty plea, as set out in *Van Cleave,* has not been met.

The judgment is affirmed.

BAKER, J., and KIRSCH, J., concur.

Segura has petitioned for rehearing which we grant for the sole purpose of

clarifying our reading of *State v. Van Cleave* (1996) Ind., 674 N.E.2d 1293, *reh'g granted in part upon other grounds, cert. denied* (1998) —— U.S. ——, 118 S.Ct. 1060, 140 L.Ed.2d 121, in light of the recent United States Supreme Court opinion in *Williams v. Taylor* (2000) —— U.S. ——, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Williams* clearly articulates that *Lockhart v. Fretwell* (1993) 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180, was not intended to modify *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and that in deciding claims of ineffective assistance of counsel, the test as set forth in *Strickland* applies. The Indiana Supreme Court in *State v. Holmes* (Ind.2000), 728 N.E.2d 164, recently considered *Williams* as to its effect upon the *Strickland* test and noted:

> "In *Williams,* the Court instructed that *Lockwell v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), should not be read to modify the *Strickland* test by requiring 'a separate inquiry into fundamental fairness when [the defendant] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding.'"

Therefore, we must look to how *Strickland* has developed in Indiana. It has developed pursuant to *Van Cleave.* Be that as it may, whether or not the Indiana Supreme Court's reading of *Fretwell,* as set forth out in *Van Cleave,* has been undercut by *Williams* [6] is not in itself determinative

---

**5.** The assessment of whether a defendant has shown a reasonable probability of acquittal will vary based upon the facts of the particular case. *Van Cleave, supra,* 674 N.E.2d at 1301. The following are some examples of how a defendant may be able to establish the required doubt: a lack of incriminating evidence in the record, conflicting credible testimony on a crucial issue, or serious uncertainty as to the reliability of a confession. *Id.* This may seem an impossible burden because there is no evidence in the record, aside from the factual basis produced at the guilty plea hearing. There has not been a trial at which evidence was adduced. "However, the issue is not predicting a trial outcome, but rather

whether the defendant has carried the burden of showing a reasonable probability of [acquittal]." *Id.* "[R]equiring the defendant in a postconviction attack to establish a reasonable probability of [acquittal] strikes a reasonable balance between the State's interest in finality and the need to give a full and fair hearing to claims of deprivation of effective assistance of counsel." *Id.* at 1302.

**6.** We note that in *State v. Holmes, supra,* our Supreme Court does not allude to *Van Cleave* with respect to the test for gauging ineffective assistance of counsel. *Holmes* refers to *Van Cleave* only as to the general principles gov-

because *Van Cleave* also relied upon *Hill v. Lockhart* (1985) 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203.

*Hill* adopted the *Strickland* test for ineffective assistance of counsel in a guilty plea setting. *Hill, supra* at 57, 106 S.Ct. at 370. *Hill,* however, contains language susceptible to varying constructions. In *Hill,* the Court noted that "[t]he second, or 'prejudice' requirement ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" and that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. This language suggests that in guilty plea settings, "prejudice" is viewed in the context of the outcome of the plea proceedings.

In *Hill,* however, the Court also stated that in assessing whether failure to discover or investigate potentially exculpatory evidence "prejudiced" the defendant "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial" and that "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59, 106 S.Ct. at 370–71. This language suggests that in guilty plea settings "prejudice" is a function of the

probable outcome if a trial had taken place.

Regardless of the proper construction, *Van Cleave* chose the construction in which a defendant must show "a reasonable probability of acquittal" at trial in order to prevail in a post-conviction attack based upon a claim of ineffective assistance of counsel, and that is the law in Indiana today.[7] *Van Cleave, supra,* 674 N.E.2d at 1300. If any change is to be made in the law as set forth in *Van Cleave,* it must be made by our Supreme Court.

Our earlier decision is hereby affirmed. BAKER, J., and KIRSCH, J., concur.

**D.R., Appellant–Respondent,**

v.

---

erning review of post-conviction relief determinations.

7. Curiously, *Burse v. State* (1987) Ind., 515 N.E.2d 1383, 1385–86 (quoting *Hill v. Lockhart, supra,* 474 U.S. at 59, 106 S.Ct. at 370), noted that when establishing a claim of ineffective assistance of counsel in a guilty plea setting, the second prong of the test requires a defendant to show " 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Van Cleave* does not cite or discuss Burse.

Further, *State v. Eiland* (1999) Ind.App., 707 N.E.2d 314, which was adopted upon transfer by our Supreme Court, (2000) Ind., 723 N.E.2d 863, adds to the seeming inconsis-

tency. In *Eiland,* a panel of this court held that a petitioner who proves a factual basis for a guilty plea was lacking must also show that he or she was prejudiced by this error. *Eiland, supra,* 707 N.E.2d at 317. The court noted that evidence proving that the petitioner did not commit the crime to which he or she pleaded guilty would meet this burden, as well as any other evidence establishing that the petitioner would not have pleaded guilty if a factual basis inquiry had been undertaken. *Id.* Although it is not a case discussing ineffective assistance of counsel, *Eiland* suggests that in a guilty plea setting, "prejudice" is viewed in terms of the outcome of the plea proceeding and the proper standard should be that but for counsel's error, defendant would not have pleaded guilty and would have insisted upon going to trial.