**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JOEL M. SCHUMM**
**COURTNEY E. CAMPBELL**, Legal Intern
Appellate Clinic
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 29 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN HOLLINS,                              )
                                           )
    Appellant-Defendant,              )
                                           )
        vs.                       )    No. 49A04-1109-PC-553
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-9901-PC-12547

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

John Hollins appeals the post-conviction court's denial of his petition for post-conviction relief. Hollins raises two issues which we consolidate and restate as whether the post-conviction court erred in denying his petition for relief. We affirm.

The relevant facts follow. On January 25, 1999, the State charged Hollins with carrying a handgun without a license as a class A misdemeanor, which was enhanced to a class C felony because of a prior felony conviction. The State also charged Hollins with driving while suspended as a class A misdemeanor. On January 26, 1999, the court appointed a public defender and ordered bond to be set in the amount of $1,500. On April 22, 1999, the court observed that Hollins had violated certain conditions of his release and ordered the clerk to issue a warrant for his arrest. On April 30, 1999, the court held a hearing, found that Hollins violated his release, and revoked bond. On May 13, 1999, John H. Freeman, IV, of Clark Coleman Freeman & Nunez filed an appearance. That same day, Freeman filed a motion for reinstatement of bond which was denied.

On July 23, 1999, Hollins pled guilty to carrying a handgun without a license as a class C felony, and the court dismissed the charge of driving while suspended as a class A misdemeanor. The plea agreement provided a cap of three years on executed time. The court accepted the plea agreement.

At the sentencing hearing, Hollins's trial counsel performed a direct examination of Hollins's wife who testified that Hollins was working when he was not incarcerated, that her house was in foreclosure, and that she had two months to make the payments. Hollins's wife asked the court to place him somewhere where he could work. Hollins's trial counsel also questioned Hollins who testified that he worked as a chemist and that he

preferred home detention with electronic monitoring because he wanted to take care of his children and save his home. Hollins's trial counsel requested that the court order Hollins to complete a short term of home detention. The court sentenced Hollins to four years with two years executed on home detention and two years suspended to probation.

On July 14, 2009, Hollins filed a *pro se* petition for post-conviction relief alleging in part that his trial counsel was ineffective. On November 16, 2010, Hollins filed an amended petition for post-conviction relief alleging in part that his trial counsel was ineffective "when he failed to move to suppress the handgun and argue that police did not have reasonable suspicion of criminal activity to conduct an investigatory *Terry* stop of Hollins' vehicle." Appellant's Appendix at 99.

At the post-conviction hearing, Hollins's trial counsel testified that he discussed the case and a plea agreement with him and also presented him with the option of filing a motion to suppress "because it was a warrantless search or stop of his vehicle." Transcript at 5. Hollins's trial counsel testified that he recalled Hollins "not wanting to" file a motion to suppress "because at that time, he was in custody" and that Hollins "dismissed that very quickly." Id. Hollins's trial counsel also indicated that Hollins was released on bond at some point but had a pre-trial violation and that Hollins "needed to get back to work to earn a living." Id. at 8.

Hollins's trial counsel also testified that he was suspended from practicing law on December 1, 2005. Hollins's post-conviction counsel asked trial counsel the circumstances surrounding his suspension, and the prosecutor objected and argued that "[w]hat happened in 2005, six years after this, is completely irrelevant." Id. at 6.

3

Hollins's post-conviction counsel argued that it was relevant and that "it goes to his practice and habit." Id. The court asked whether the suspension directly resulted from this case, and Hollins's post-conviction counsel indicated that it did not. The court sustained the objection and stated:

> You can ask him about his – how he was handling cases at that time and certain procedures that he may have used, especially as it pertains to this particular case. But I don't find the fact that he was suspended because of an unrelated case to be germane to the issues raised in this one.

Id. at 6-7. Hollins's post-conviction counsel then stated that she wanted to note for the record that the Indiana Supreme Court noted that Freeman had a consistent habit of neglect with his clients in how he practiced. The court acknowledged: "Well that – that may be, but you've got to show what happened in this case." Id. at 7.

The trial court denied Hollins's petition for post-conviction relief. Specifically, the court's order stated in part:

14. In addition to discussing the option of accepting the plea agreement or going to trial, Freeman spoke with Hollins about whether a motion to suppress should be pursued given the warrantless stop of the vehicle.

15. Hollins did not wish to pursue a motion to suppress. According to Freeman, Hollins "dismissed that [option] very quickly."

16. Hollins' incarceration was the prime motivator in his decision making. Hollins was experiencing financial difficulties [and] was anxious to return to his job so that he could pay for his house and his child support. To that end, he saw a plea agreement as the quickest way to be released from jail.

17. There is no evidence in the record to support a finding that Freeman advised Hollins not to pursue a motion to suppress. Rather, the evidence demonstrates that it was Hollins who explicitly rejected pursuing a motion to suppress.

4

18. Freeman made the decision not to pursue a motion to suppress based upon his client's express wishes. Instead, Freeman negotiated the most favorable plea terms that he could.

\* \* \* \* \*

20. At the evidentiary hearing, there was conflicting testimony as to whether Freeman discussed the motion to suppress option with Hollins. Having observed the witnesses and considered their respective testimony, the Court finds Freeman's testimony to be more credible than that of Hollins and affords Freeman's testimony great weight. Conversely, the Court gives Hollins' testimony no weight.

21. The Court does not find Freeman's disciplinary record, including his subsequent suspension from the practice of law in 2005, to be persuasive on the issue of his effectiveness in this case.

\* \* \* \* \*

29. Here, Freeman did not overlook any defenses. He specifically discussed with Hollins the possibility of moving to suppress all evidence obtained from the warrantless stop of Hollins' vehicle. Hollins, of his own volition, made clear his desire not to pursue this option. Freeman merely carried out the wishes of his client by negotiating a more favorable plea agreement and used the threat of filing a motion to suppress to achieve that end.

30. In this regard, Hollins has failed to demonstrate that Freeman's representation fell below an objective standard of reasonableness.

31. Based upon the evidence presented, Hollins has not shown a reasonable probability that Freeman could have done something to cause his client not to enter a plea of guilty. Hollins made his choice and Freeman sought to advance Hollins' request to dispose of the case via a plea agreement. The fact that Freeman might have been successful in suppressing the evidence obtained from the warrantless stop is of no matter. Criminal defendants who plead guilty to achieve favorable outcomes give up a wide range of substantive claims and procedural rights. *Mills v. State*, 868 N.E.2d 446 (Ind. 2007); *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001).

Appellant's Appendix at 129-133.

5

Before discussing Hollins's allegations of error, we note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Id. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

The issue is whether the post-conviction court erred in denying Hollins's petition for relief. Hollins argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), reh'g denied), reh'g

6

denied, cert. denied, 534 U.S. 830, 122 S. Ct. 73 (2001).  A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms.  French v. State, 778 N.E.2d 816, 824 (Ind. 2002).  To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001).  Failure to satisfy either prong will cause the claim to fail.  French, 778 N.E.2d at 824.

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Morgan v. State, 755 N.E.2d 1070, 1072 (Ind. 2001).  "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption."  Williams v. State, 771 N.E.2d 70, 73 (Ind. 2002).  Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel.  Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996), reh'g denied, cert. denied, 520 U.S. 1171, 117 S. Ct. 1438 (1997).  "Reasonable strategy is not subject to judicial second guesses."  Burr v. State, 492 N.E.2d 306, 309 (Ind. 1986).

Hollins argues that the plea that his trial counsel presented "was not a favorable one when its acceptance required him to forego a compelling motion to suppress the handgun critical to the felony charge."  Appellant's Brief at 6.  Hollins argues that the claim that he did not want to pursue the motion because he needed to return to work

7

"defies logic because the plea was far from a stay-out-of-jail card with its provision 'NO RECOMMENDATION EXCEPT A CAP OF THREE (3) YEARS ON EXECUTED TIME.'" Id. Hollins also contends that if trial counsel had moved to suppress the handgun, then the handgun charge against him would have been dismissed. The State argues that an attorney is not required to file a motion to suppress if the client does not wish for such a motion to be filed. The State also argues that Hollins's trial counsel entered into plea negotiations with the prosecutor based on Hollins's decision.

Because Hollins was convicted pursuant to a guilty plea, we must analyze his claims under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura categorizes two main types of ineffective assistance of counsel cases where the defendant pleads guilty. Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002). The first category relates to "an unutilized defense or failure to mitigate a penalty." Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing Segura, 749 N.E.2d at 507), trans. denied. The second category relates to "an improper advisement of penal consequences." Id. (citing Segura, 749 N.E.2d at 504-505, 507). Hollins's claim falls under the first category. In Segura, the Court held "in order to establish that the guilty plea would not have been entered if counsel had performed adequately, the petitioner must show that a defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding." 749 N.E.2d at 499. The Court also held that "in the case of claims related to a defense or failure to mitigate a penalty, it must be shown that there is a reasonable probability that a more favorable result would have obtained in a competently run trial." Id. at 507. If a petitioner is convicted pursuant to a guilty plea and later claims

8

that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner "*must show that a defense was indeed overlooked or impaired* and that the defense would have likely changed the outcome of the proceeding." Maloney v. State, 872 N.E.2d 647, 650 (Ind. Ct. App. 2007) (emphasis added).

At the post-conviction hearing, Hollins's trial counsel testified that he discussed the case and a plea agreement with Hollins and presented him with the option of filing a motion to suppress "because it was a warrantless search or stop of his vehicle." Transcript at 5. Hollins's trial counsel testified that he recalled Hollins "not wanting to" file a motion to suppress "because at that time, he was in custody" and that Hollins "dismissed that very quickly." Id. Hollins's trial counsel also indicated that Hollins was released on bond at some point but had a pre-trial violation and that Hollins "needed to get back to work to earn a living." Id. at 8. We also observe that Hollins and his wife both testified at the sentencing hearing regarding the need for Hollins to return to work. Under the circumstances, we cannot say that Hollins's counsel overlooked a defense or that Hollins demonstrated that his trial counsel's performance was deficient. Accordingly, we cannot say that the post-conviction court erred.

Hollins also argues that "two significant procedural defects warrant remand for a new hearing." Appellant's Brief at 10. First, Hollins argues that the court failed to apply the correct standard in denying his petition for post-conviction relief and points to the following statement by the court:

> 31. Based upon the evidence presented, Hollins has not shown a reasonable probability that Freeman could have done something to cause his client not to enter a plea of guilty. Hollins made his choice and Freeman sought to advance Hollins' request to dispose of the

9

> case via a plea agreement. *The fact that Freeman might have been successful in suppressing the evidence obtained from the warrantless stop is of no matter. Criminal defendants who plead guilty to achieve favorable outcomes give up a wide range of substantive claims and procedural rights. Mills v. State*, 868 N.E.2d 446 (Ind. 2007); *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001).

Appellant's Appendix at 132-133 (emphasis added). Hollins argues that "[t]he question the post-conviction court should have considered was whether there was a reasonable probability that Hollins would have succeeded at trial if a motion to suppress had been made and sustained" and requests remand to the post-conviction court to apply the correct standard. Appellant's Brief at 11.

The State argues that "a review of the post-conviction court's order shows that the post-conviction court decided Hollins' case on the basis that Hollins failed to establish deficient performance rather than a lack of prejudice." Appellee's Brief at 9. The State contends that "[i]n the sentence upon which Hollins relies on appeal, the post-conviction court was simply pointing out that it was irrelevant whether Hollins could have been prejudiced by trial counsel's decision not to file a motion to suppress because Hollins had failed to establish deficient performance by counsel." Id.

We cannot say that the court's statement requires reversal. We observe that paragraphs 22 through 28 of the court's order state the applicable law regarding reviewing a petitioner's claim following a guilty plea. See Appellant's Appendix at 130-132. Further, we cannot say that the question is whether there was a reasonable probability that Hollins would have succeeded at trial if a motion to suppress had been filed because Hollins dismissed the idea of filing a motion to suppress.

10

Second, Hollins argues that the post-conviction court improperly refused to consider his trial counsel's suspension. Hollins argues that his trial counsel's prior discipline for misconduct that included neglecting claims and failing to explain matters to clients in order to allow them to make informed decisions makes it more probable that his representation of Hollins was similarly flawed and ineffective. The State argues that Hollins failed to establish that his trial counsel's subsequent disciplinary proceedings in 2005 indicate objectively unreasonable performance by trial counsel and resultant prejudice to him in the course of this representation in 1999. The State also argues that the record reveals that the post-conviction court considered both trial counsel's disciplinary record as well as counsel's suspension but determined that these matters were not persuasive with regard to trial counsel's effectiveness in the current case.

The exclusion of evidence in a post-conviction proceeding is within the post-conviction court's sound discretion, and we will reverse only upon a showing of an abuse of discretion. Hyppolite v. State, 774 N.E.2d 584, 600 (Ind. Ct. App. 2002), trans. denied. See also Rondon v. State, 711 N.E.2d 506, 516 (Ind. 1999) ("We will review the post-conviction court's decision to exclude the proffered evidence applying an abuse of discretion standard of review.").

Initially, we observe that the post-conviction court acknowledged trial counsel's suspension but did not find the "disciplinary record, including his subsequent suspension from the practice of law in 2005, to be persuasive on the issue of his effectiveness in this case." Appellant's Appendix at 130. Even assuming that the court abused its discretion in refusing to consider the circumstances involving Freeman's suspension, we find any

11

error harmless in light of the fact that the record reveals that Hollins's family was suffering financial difficulties due to his incarceration, that he needed to work, and that Hollins dismissed the idea of filing a motion to suppress.

For the foregoing reasons, we affirm the post-conviction court's denial of Hollins's petition for post-conviction relief.

Affirmed.

BAKER, J., and KIRSCH, J., concur.