**Richard D. HACKER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 28A04–0810–PC–613.

Court of Appeals of Indiana.

May 21, 2009.

Transfer Denied July 23, 2009.

Cara Schaefer Wieneke, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Richard Hacker appeals the denial of his petition for post-conviction relief ("PCR"), which challenged his conviction for Class A felony child molesting. We affirm.

### Issue

The sole issue is whether the post-conviction court properly concluded that Hacker received effective assistance of counsel before pleading guilty to Class A felony child molesting.

### Facts

On March 9, 2000, the State charged Hacker with two counts of Class A felony child molesting and one count of Class C felony sexual misconduct with a minor. Hacker's attorney advised him that he was facing a potential total sentence of 108 years—the maximum of fifty years for each of the Class A felonies and eight years for the Class C felony. Hacker agreed to plead guilty to one of the Class A felonies, count I, which alleged molestation occurring in 1998 and 1999, and the State agreed to dismiss the other two counts. Sentencing was left to the trial court's discretion, and it imposed a sentence of forty years.

On April 25, 2007, Hacker filed a PCR petition. It alleged that Hacker had received ineffective assistance of counsel because counsel had misadvised him regarding the maximum penalty he faced, and this misadvice persuaded him to plead guilty rather than go to trial. Specifically, count II of the Class A felony charges alleged that the molestation occurred in 1994 and 1995. At that time, child molestation was a Class B felony unless the defendant used or threatened the use of deadly force, or was armed with a deadly weapon, or caused serious bodily injury. In 1996, child molestation was made a Class A felony in any case where the defendant was over twenty-one. *See* P.L. 33–1996 § 8. Thus, because count II of the charging information did not allege that Hacker used or threatened to use deadly force, was armed with a deadly weapon, or caused seriously bodily injury, that count should have been charged as a Class B felony. The maximum legal penalty Hacker actually faced, therefore, was seventy-eight years, not 108 years.

On August 6, 2008, the post-conviction court denied Hacker's petition. He now appeals.

### Analysis

■■■ Post-conviction proceedings provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind.2007), *cert. denied.* If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. *Id.* "If an issue was raised and decided on direct appeal, it is res judicata." *Id.* "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal."

*Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002).

■■■ "In post-conviction proceedings, the defendant bears the burden of proof by a preponderance of the evidence." *Stephenson*, 864 N.E.2d at 1028. We review factual findings of a post-conviction court under a "clearly erroneous" standard but do not defer to any legal conclusions. *Id.* We will not reweigh the evidence or judge the credibility of the witnesses and will examine only the probative evidence and reasonable inferences therefrom that support the decision of the post-conviction court. *Id.*

Claims of ineffective assistance of counsel are reviewed under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind.2006). A defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. *Id.* Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068).

■■ The State does not dispute that Hacker's attorney gave him erroneous advice about the maximum sentence he faced, as a result of failing to notice that the State had incorrectly charged count II of the information as a Class A, instead of a Class B, felony. Even if this constituted deficient performance, however, Hacker must demonstrate that he was prejudiced thereby.

■■■ In the context of guilty pleas, where trial counsel has given erroneous

advice to a defendant regarding possible penalties, "a finding of prejudice requires evidence demonstrating a reasonable probability that the erroneous or omitted advice materially affected the decision to plead guilty." *Segura v. State,* 749 N.E.2d 496, 499 (Ind.2001). To meet this burden, a PCR petitioner "may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice." *Id.* at 507. Rather, a petitioner must demonstrate "special circumstances" or "objective facts" supporting the conclusion that the decision to plead was driven by the erroneous advice. *Id.* (quoting *Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) and *McCleese v. United States,* 75 F.3d 1174, 1179 (7th Cir.1996)). In other words, specific facts must establish an objectively reasonable probability that· competent representation would have led a hypothetical reasonable defendant to elect to go to trial instead of pleading guilty. *Id.*

Here, there is evidence not only that a "hypothetical" defendant would have pled guilty even if trial counsel had provided accurate sentencing advice, but also that Hacker himself would have done so. Trial counsel testified at the PCR hearing that he was instructed by Hacker from the outset of representation that he wanted to pursue a plea agreement to count I. Hacker himself had stated at his sentencing hearing that from the very beginning he admitted molesting his step-daughter, and he did not want her or their family being subjected to any depositions or a trial. Both trial counsel and the prosecutor believed the case against Hacker was very strong, particularly as to count I. In addition to the testimony of the victim, Hacker's step-daughter, there was a paternity test confirming that she had given birth to Hacker's child. The strength of the State's case properly weighs in the balance as an "objective fact" that a hypothetical reasonable defendant would take into consideration when deciding whether to plead guilty, regardless of the correctness of counsel's advice regarding sentencing.

We also take some guidance from our supreme court's pronouncements regarding plea agreements that contain an illegal sentencing provision. It is well-settled that "[a] defendant 'may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.'" *Lee v. State,* 816 N.E.2d 35, 40 (Ind.2004) (quoting *Collins v. State,* 509 N.E.2d 827, 833 (Ind.1987)). Whether a defendant has benefitted from a plea agreement with an illegal sentencing provision generally is measured by whether the plea reduced the defendant's penal exposure. *See id.* at 39–40. Additionally, our supreme court has not permitted attempts to avoid the *Lee* rule merely by stating that the plea was the result of ineffective assistance of counsel. *See Stites v. State,* 829 N.E.2d 527, 529 (Ind.2005) (holding that ineffective assistance claim was "merely a subset of Stites' claim that her plea agreement was void because it called for consecutive sentences"). Another way of saying this might be that a defendant who, on advice of counsel, enters a plea agreement calling for an illegal sentence is not prejudiced if he or she nonetheless benefited from that sentence.

Here, Hacker's plea agreement did not call for an illegal sentence. Still, this case is similar to *Lee* and *Stites,* in that Hacker is contending he was misadvised as to what a proper, legal sentence would have been in his case. In any event, the plea agreement Hacker entered reduced his penal exposure by twenty-eight years below the proper legal maximum sentence he could have faced; his actual sentence end-

ed up being thirty-eight years below that maximum. Hacker clearly benefitted from his plea agreement. We believe this is a proper consideration under *Segura* for rejecting Hacker's contention that he was objectively prejudiced by trial counsel's misadvice regarding the maximum sentence he faced.

In sum, given the testimony of trial counsel regarding Hacker's eagerness to plead guilty, his own statements to that effect at the sentencing hearing, the strength of the State's case against him, and the substantial benefit he received from the plea agreement, Hacker has failed to meet his burden that trial counsel's misadvice "materially affected" his decision to plead guilty, as *Segura* defined that phrase.

### Conclusion

The post-conviction court correctly concluded that Hacker did not receive ineffective assistance of trial counsel. We affirm the denial of Hacker's PCR petition.

Affirmed.

BAKER, C.J., and MAY, J., concur.