**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**STEWART GASE**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEWART GASE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  01A02-1306-PC-530 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Chad E. Kukelhan, Judge
Cause No. 01C01-1106-PC-3

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Stewart Gase ("Gase") pled guilty to one count of Dealing in a Schedule II Narcotic, as a Class B felony.[1]  He subsequently sought post-conviction relief, and his petition for relief was denied.  He now appeals.

We affirm.

## Issues

Gase raises two issues for our review, which we restate as:

I.   Whether, in deciding to enter a guilty plea, he received ineffective assistance of trial counsel as to the potential sentencing range of the charges; and

II.  Whether the trial court's failure to advise Gase of the statutory maximum and minimum penalties for his offenses was fundamental error for which Gase should have received post-conviction relief.

## Facts and Procedural History

On September 25, 2008, Gase sold Oxycodone, a Schedule II narcotic, to a confidential informant.  On September 26, 2008, and again on October 21, 2008, Gase sold Hydromorphone, a Schedule II narcotic, to a confidential informant.  On April 21, 2009, the State charged Gase with three counts of Dealing in a Schedule II Controlled Substance, as Class B felonies.  On August 4, 2009, the State filed its Notice of Intent to Seek Habitual Substance Offender Status,[2] alleging that Gase had been convicted in 1984 of Dealing in

---

[1] Ind. Code § 35-48-4-2(a)(1).

[2] I.C. § 35-50-2-10.

2

Marijuana, as a Class D felony, and in 2005 of Possession of Marijuana, as a Class A misdemeanor.

On October 30, 2009, Gase and the State entered into a plea agreement, whereby Gase agreed to plead guilty to a single count of Dealing in a Schedule II Controlled Substance, as a Class B felony. Under the terms of the agreement, Gase would be sentenced to fifteen years imprisonment, with five years suspended to probation, and the State would dismiss the two remaining counts of Dealing in a Schedule II Controlled Substance, as Class B felonies, and would not pursue a finding that Gase was a Habitual Substance Offender. The plea agreement also provided that Gase would forego any right to challenge his sentence through an appeal.

A hearing on the plea agreement was conducted on October 30, 2009. During the hearing, the trial court asked Gase questions to ensure that his plea was knowingly, intelligently, and voluntarily given; Gase indicated this to be the case. At the hearing's conclusion, the trial court accepted the plea agreement and accepted Gase's guilty plea.

On January 8, 2010, a sentencing hearing was conducted. Due to statements by Gase in the Presentencing Investigation report that made the factual basis of the plea unclear, the sentencing hearing was continued to February 1, 2010. On February 1, 2010, the sentencing hearing was completed, with testimony from a police officer used to establish the factual basis for the plea. After this testimony, Gase did not offer any testimony disputing the factual basis of his plea and reaffirmed his desire to plead guilty. The trial court accordingly

3

entered judgment and, pursuant to the plea agreement, sentenced Gase to fifteen years imprisonment with five years suspended to probation.

On June 3, 2011, Gase, proceeding pro se, filed his petition for post-conviction relief. On September 12, 2011, Gase moved to amend his petition for post-conviction relief, which the post-conviction court granted on September 19, 2011. Gase filed his amended petition on November 2, 2011.

On February 6, 2013, a hearing was conducted, at the conclusion of which the post-conviction court took the matter of Gase's petition for relief under advisement. On May 23, 2013, the court entered findings and conclusions and denied Gase's petition for post-conviction relief.

This appeal ensued.

**Discussion and Decision**

Standard of Review

Post-conviction relief is not intended to serve as "a 'super-appeal.'" Ben-Yisrayl v. State, 729 N.E.2d 102, 105 (Ind. 2000) (quoting Benefiel v. State, 716 N.E.2d 906, 911 (Ind. 1999)). Rather, post-conviction procedures "create a narrow remedy for subsequent collateral challenges to convictions." Id.

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative

judgment. Fisher, 810 N.E.2d at 674. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Id.

Ineffective Assistance of Counsel

Gase first contends that his trial counsel did not correctly advise him of the sentencing range he faced if he were to have been convicted after a trial of the three counts of Dealing in a Schedule II Narcotic, as Class B felonies, and if he were found to be a Habitual Substance Offender.

We review such claims under the standard set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "First, a defendant must show that counsel's performance was deficient." Id. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." Id.

"Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

5

defendant of a fair trial," that is, a trial where the result is reliable. Id. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. Ben-Yisrayl, 729 N.E.2d at 106. Where it is possible to resolve a case on the question of prejudice, we should do so in order to avoid "the often nettlesome question of whether the attorney's performance was objectively unreasonable." State v. Van Cleave, 674 N.E.2d 1293, 1296 n.3 (Ind. 1996) (citing Strickland, 466 U.S. at 697). Further, we afford counsel "'considerable discretion in choosing strategy and tactics, and we will accord those decisions deference.'" Curtis v. State, 905 N.E.2d 410, 414 (Ind. Ct. App. 2009) (quoting Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001)), trans. denied. We presume counsel "'made all significant decisions in the exercise of reasonable professional judgment.'" Id. (quoting Timberlake, 753 N.E.2d at 603). Counsel's choice of strategies "will not be second-guessed even if the strategy in hindsight did not serve the post-conviction petitioner's best interests." Id. (citing State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997)).

Gase argues that trial counsel advised that he would face a maximum sentence of thirty-eight years, that this advice was incorrect, and that he would not have entered into the plea agreement had he known counsel's advice was incorrect. In such circumstances, Gase

6

was required to prove not only that counsel's advice was incorrect, but also that there was "a reasonable probability that the erroneous or omitted advice materially affected the decision to plead guilty." Segura v. State, 749 N.E.2d 496, 499 (Ind. 2001). It is not enough for Gase to allege that he would not have entered a plea or to offer conclusory testimony to that effect. Id. "Rather, a petitioner must demonstrate 'special circumstances' or 'objective facts' supporting the conclusion that the decision to plead was driven by the erroneous advice." Hacker v. State, 906 N.E.2d 924, 927 (Ind. Ct. App. 2009) (quoting Segura, 749 N.E.2d at 507), trans. denied.

Here, Gase was charged with three Class B felonies, and the State filed notice that it intended to pursue a finding that he was a Habitual Substance Offender. The sentencing range for a Class B felony ran from six to twenty years imprisonment, with an advisory sentence of 10 years. I.C. § 35-50-2-5. If Gase had been convicted at trial of all three counts, and the three offenses arose from a single episode of criminal conduct, the trial court could have sentenced him to consecutive terms of imprisonment. In that situation, Gase would have faced an aggregate term of imprisonment of thirty years—that is, the advisory term for a Class A felony. See I.C. § 35-50-1-2(c) (limiting the total term of imprisonment for consecutive sentences, except in crimes of violence, to "the advisory sentence for a felony which is one (1) class higher than the most series of the felonies for which a person has been convicted"); I.C. § 35-50-2-4 (establishing an advisory term of thirty years imprisonment for a Class A felony).

7

In addition, if Gase had been found to be a Habitual Substance Offender, his sentence would have been enhanced by up to eight years imprisonment. I.C. § 35-50-2-10(f). Taken with the maximum sentence available for consecutive terms of imprisonment for the Class B felony charges, Gase faced a total term of imprisonment of thirty-eight years. Thus, his counsel's advice as to the maximum punishment he faced was not incorrect.

Moreover, Gase has failed to establish that he was prejudiced even if counsel's advice had been incorrect. The maximum sentence for a single Class B felony conviction is twenty years. Gase pled guilty and, under the plea agreement, received a term of imprisonment of fifteen years, with five of those years suspended to probation, the dismissal of two other Class B felony counts, and the State's forbearance from pursuing a Habitual Substance Offender finding. Under these circumstances, we cannot conclude that Gase was prejudiced by any error that may have occurred. To the extent Gase contends that his sentence was manifestly unreasonable, we note that petitions for post-conviction relief are not super-appeals, and accordingly decline to address that contention. See Ben-Yisrayl, 729 N.E.2d at 105.

We therefore affirm the post-conviction court's denial of the petition for post-conviction relief on the basis of ineffective assistance of counsel.

<u>Fundamental Error</u>

Gase also contends that the trial court committed fundamental error when it did not advise him of the maximum and minimum sentences possible for his offenses as charged. Intermixed with this argument is his contention that the trial court erred because it

8

disregarded his claims, as reflected in the Presentencing Investigation report, that he was coerced into entering a guilty plea.

A defendant in a post-conviction proceeding may allege a claim of fundamental error only when asserting either (1) "[d]eprivation of the Sixth Amendment right to effective assistance of counsel," or (2) "an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal." Lindsey v. State, 888 N.E.2d 319, 325 (Ind. Ct. App. 2008) (quoting Canaan v. State, 683 N.E.2d 227, 235 n. 6 (Ind. 1997)), trans. denied. Yet the question of proper advisement from the trial court was available at the time of trial or direct appeal. Indeed, the trial court continued the sentencing hearing after Gase stated in the Presentencing Investigation report that he felt coerced into entering into the plea agreement.

Thus, Gase's contention that the trial court committed fundamental error is not of the type of cases from which post-conviction relief may be sought. We accordingly affirm the post-conviction court's denial of post-conviction relief on this question.

## Conclusion

Gase did not receive ineffective assistance of trial counsel in entering his guilty plea. Gase's contention of fundamental error is not one properly brought for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

9