## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 21 2015, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Borahm Kim
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Lindsey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 21, 2015

Court of Appeals Case No.
71A04-1412-PC-576

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1105-PC-22

**Bailey, Judge.**

# Case Summary

Michael Lloyd Lindsey ("Lindsey") sought post-conviction relief, arguing that he received ineffective assistance of trial counsel in entering open pleas of guilty to Attempted Criminal Confinement and Criminal Confinement, each as Class B felonies,[1] due to incorrect legal advice from his trial counsel. The post-conviction court denied his petition, and he appeals.

We affirm.

# Issue

Lindsey presents two issues on appeal. We find one dispositive: whether Lindsey's attorney's erroneous advice concerning Lindsey's possible maximum sentence, based upon which Lindsey entered an open plea and rejected a plea agreement, amounted to ineffective assistance of trial counsel.

# Facts and Procedural History

We take a portion of our statement of facts and procedural history from this Court's memorandum decision in Lindsey's direct appeal:

> On July 31, 2008, Lindsey was released from the Department of Correction ("DOC") after serving a twenty-six year sentence for rape and child molesting. On February 24, 2009, Lindsey, in an

---

[1] Ind. Code §§ 35-41-5-1 & 35-42-3-3. In light of revisions to Indiana's criminal statutes, we refer to the substantive provisions of our statutes at the time of Lindsey's offenses.

alleged attempt to "flee the jurisdiction" to avoid the revocation of his parole, approached a woman, Kellie Parker, in a Mishawaka parking lot while armed with a screwdriver and tried to force her into her car. Guilty Plea Hr. Tr. p. 43. Parker screamed, and Lindsey fled to his home. While at his home, Lindsey grabbed some money and a kitchen knife. Lindsey left on foot, went to a bank to withdraw more money, and tried to call a taxi to take him to the bus station. Lindsey was unable to call a taxi and noticed several police officers in the area. Assuming the police officers were looking for him, Lindsey went behind some buildings to stay out of sight. Lindsey then saw another woman, Lyra Tirotta, getting into her car. Lindsey approached her with a knife, forced her into the car, and drove to another county. Lindsey eventually let Tirotta go, and he was later arrested.

The State charged Lindsey with one count of Class B felony attempted criminal confinement and one count of Class B felony criminal confinement. Lindsey pled guilty to the charges. At the sentencing hearing, the trial court determined that the offenses were not a single episode of criminal conduct, sentenced Lindsey to twenty years on each count, and ordered the sentences to be served consecutively.

*Lindsey v. State*, No. 71A03-0910-CR-486, Slip op. at 2-3 (Ind. Ct. App. Apr. 16, 2010). This Court affirmed Lindsey's sentences. *Id.*

[5] On May 4, 2011, Lindsey filed a petition for post-conviction relief; post-conviction counsel was appointed on August 25, 2011. An evidentiary hearing was conducted on July 7, 2014.

[6] On November 24, 2014, the trial court entered its order denying Lindsey's petition for post-conviction relief. This appeal ensued.

# Discussion and Decision

[7] Lindsey appeals the denial of his petition for post-conviction relief.

> Post-conviction proceedings provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State,* 864 N.E.2d 1022, 1028 (Ind. 2007), *cert. denied.* If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. *Id.* "If an issue was raised and decided on direct appeal, it is res judicata." *Id.* "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002).

> "In post-conviction proceedings, the defendant bears the burden of proof by a preponderance of the evidence." *Stephenson,* 864 N.E.2d at 1028. We review factual findings of a post-conviction court under a "clearly erroneous" standard but do not defer to any legal conclusions. *Id.* We will not reweigh the evidence or judge the credibility of the witnesses and will examine only the probative evidence and reasonable inferences therefrom that support the decision of the post-conviction court. *Id.*

*Hacker v. State*, 906 N.E.2d 924, 926 (Ind. Ct. App. 2009), *trans. denied*.

[8] Lindsey sought post-conviction relief on a theory of ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel, a petitioner must show two things: (1) the lawyer's performance fell below an "objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. 2052. Effectiveness of counsel is a mixed question of law and fact. *Id.* at 698, 104 S. Ct. 2052.

*Segura v. State*, 749 N.E.2d 496, 500-01 (Ind. 2001).

[9] When a petitioner seeking post-conviction relief contends that trial counsel was ineffective in advising the entry of a guilty plea,

> where trial counsel has given erroneous advice to a defendant regarding possible penalties, "a finding of prejudice requires evidence demonstrating a reasonable probability that the erroneous or omitted advice materially affected the decision to plead guilty." *Segura v. State,* 749 N.E.2d 496, 499 (Ind. 2001). To meet this burden, a PCR petitioner "may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice." *Id.* at 507. Rather, a petitioner must demonstrate "special circumstances" or "objective facts" supporting the conclusion that the decision to plead was driven by the erroneous advice. *Id.* (quoting *Hill v. Lockhart,* 474 U.S. 52, 60, 106 S. Ct. 366, 371, 88 L. Ed. 2d 203 (1985) and *McCleese v. United States,* 75 F.3d 1174, 1179 (7th Cir. 1996)). In other words, specific facts must establish an objectively reasonable probability that competent representation would have led a hypothetical reasonable defendant to elect to go to trial instead of pleading guilty. *Id.*

*Hacker*, 906 N.E.2d at 926-27.

[10] Here, Lindsey argues that his trial counsel gave him erroneous advice concerning whether his offenses constituted a single episode of criminal

conduct. Trial counsel advised Lindsey that his offenses were a single episode of criminal conduct and that Lindsey's maximum sentence would be thirty years imprisonment, two years less than that to which Lindsey had agreed in a plea agreement with the State. Accordingly, Lindsey accepted his counsel's advice to enter an open plea, with sentencing left to the discretion of the trial court. The court found that Lindsey's conduct did not constitute a single episode of criminal conduct, and sentenced Lindsey to forty years imprisonment in the form of two consecutive twenty-year prison terms. Lindsey contends that he was prejudiced by trial counsel's erroneous advice, and should have enjoyed the benefit of the plea agreement's thirty two-year term.

[11] We are bound by the precedent of the Indiana Supreme Court, which has held in accordance with the U.S. Supreme Court that a petitioner must present "an objectively credible factual and legal basis from which it may be concluded that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Segura*, 749 N.E.2d at 507 (quoting *Hill v. Lockhart*, 474 U.S. at 59). In that light, we observe that Lindsey stated at his sentencing hearing:

> It was my intention from the very first day I was arrested to plead guilty in this case as I asked my attorney, and he was working to work out a plea. But it was my intent from day one, your Honor, to plead guilty, to take responsibility so that the victims would not have to go through a trial or a process that they don't deserve.

Sentencing Tr. at 54. Lindsey reaffirmed this statement during his testimony before the post-conviction court. Simply put, Lindsey's expressed intent to plead guilty—with or without a plea agreement—militates against his contention that the post-conviction court erred when it concluded that his trial counsel was not ineffective.

[12] Moreover, we observe that even with counsel's erroneous advice, Lindsey obtained a benefit he would not have had under the plea agreement he rejected: the opportunity to challenge his sentence on appeal. Lindsey took advantage of that benefit in his prior appeal.

[13] We accordingly find no error in the post-conviction court's conclusion that Lindsey was not prejudiced by his counsel's incorrect advice as to the penal consequences of an open plea.

[14] Affirmed.

Baker, J., and Mathias, J., concur.