## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2018, 7:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John D. Nellist
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John D. Nellist,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 2, 2018

Court of Appeals Case No.
20A05-1711-PC-2593

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1604-PC-21

**Bailey, Judge.**

# Case Summary

Pro-se Appellant-Petitioner John D. Nellist ("Nellist") appeals the denial of his petition for post-conviction relief, following his plea of guilty to Dealing Methamphetamine, as a Class A felony.[1]  We affirm.

# Issues

Nellist purportedly raises six issues.  We address the following two issues:[2]

I.      Whether he was denied the effective assistance of trial counsel; and

II.     Whether the post-conviction court abused its discretion in denying subpoenas.

# Facts and Procedural History

On February 6, 2014, Nellist pled guilty to Dealing Methamphetamine.  The version of Indiana Code Section 35-48-4-1.1 in effect when Nellist committed his offense made manufacturing methamphetamine within 1,000 feet of a family housing complex a Class A felony.  Commission of a Class A felony was punishable by twenty to fifty years imprisonment, with thirty years as the

---

[1] Ind. Code § 35-48-4-1.1.

[2] We do not address free-standing claims of error.  Post-conviction proceedings are not "super appeals"; rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial or on direct appeal.  *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002).

advisory sentence.  I.C. § 35-50-2-4(a).  The plea agreement between Nellist and the State, accepted by the trial court, provided that Nellist would be sentenced to thirty-five years, with eight years suspended.  Also, Nellist could petition for sentence revision in 2020, without objection from the State on a jurisdictional basis.

[4]  On April 25, 2016, Nellist filed a petition for post-conviction relief.  On April 13, 2017, a hearing was conducted at which Nellist testified.  On October 10, 2017, the post-conviction court entered its findings, conclusions, and order denying Nellist post-conviction relief.  He now appeals.

# Discussion and Decision

## Standard of Review

[5]  The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence.  *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008).  Thus, on appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment.  *Id.*  To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.  *Id.* at 643-44.  Although we do not defer to the post-conviction court's legal conclusions, we review the factual findings under a clearly erroneous standard.  *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).  The post-conviction

court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

## Ineffective Assistance of Trial Counsel

[6] We do not have the benefit of Nellist's petition for post-conviction relief in the record. However, from the transcript of the post-conviction hearing and the ensuing order, we can discern that Nellist made a claim that he was deprived of the effective assistance of trial counsel. Our supreme court has summarized the law regarding claims of ineffective assistance of counsel:

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694).

*Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014).

[7] There are additional considerations in claims of ineffective assistance of trial counsel following guilty pleas. With regard to guilty pleas, two general types of claims of ineffective assistance of trial counsel are accepted: (1) the failure to

advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. *Manzano v. State*, 12 N.E.3d 321, 326 (Ind. Ct. App. 2014) (citing *Segura v. State*, 749 N.E.2d 496, 500 (Ind. 2001)), *trans. denied*.

[8]     In *Segura*, our supreme court explained that which a petitioner must establish on a claim of ineffective assistance of trial counsel following a guilty plea:

> We conclude that *Hill* [*v. Lockhart*, 474 U.S. 52 (1984)] … requires a showing of a reasonable probability of success at trial if the alleged error is one that would have affected a defense. This result seems preferable for several reasons. In [*State v.*] *Van Cleave*, [674 N.E.2d 1293 (Ind. 1996),] we identified sound reasons for requiring that a petitioner who pleads guilty show a reasonable probability of acquittal in order to prevail in a post-conviction attack on the conviction based on a claim of ineffective assistance of counsel. As *Hill* emphasized, the State has an interest in the finality of guilty pleas. This is in part grounded in the cost of a new trial, and the demands on judicial resources that are imposed by revisiting the guilty plea, but also in concerns about the toll a retrial exacts from victims and witnesses who are required to revisit the crime years later.

*Segura*, 749 N.E.2d at 503 (citations omitted). The Court concluded that "[a] new trial is of course necessary if an unreliable plea has been accepted. But its costs should not be imposed needlessly, and that would be the result if the petitioner cannot show a reasonable probability that the ultimate result – conviction – would not have occurred despite counsel's error as to a defense." *Id.* Thus, under *Segura*, to be successful in his claim of ineffective assistance of

trial counsel alleging an error that affects a defense, the petitioner must prove that, but for counsel's alleged errors, he would not have been convicted. *See id.*

[9] In contrast, if the allegations of trial counsel error are regarding advice as to penal consequences, *Segura* requires a petitioner to "establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to his or her decision to plead." *Willoughby v. State*, 792 N.E.2d 560, 564 (Ind. Ct. App. 2003) (citing *Segura*, 749 N.E.2d at 507), *trans. denied*. "[I]f the error or omission has the result of overlooking evidence or circumstances that affect the sentence imposed, prejudice is evaluated by the reasonable probability that it had an effect." *Segura*, 749 N.E.2d at 504.

[10] Nellist does not deny that he committed and voluntarily pled guilty to the offense of Dealing Methamphetamine. He does not argue that he was misadvised of penal consequences. Rather, he claims that his counsel failed to adequately investigate and thus discover a defense to the elevation of the offense to a Class A felony: that the location was not within 1,000 feet of a family housing complex. Nellist asserts that he "knew the building as 'The 500 Center'" and "The Elkhart Housing Authority knows it as 'The Hotel Elkhart.'" Appellant's Brief at 17. Nellist also claims that counsel failed to fully investigate his diagnosis of mental illness and on that basis attempt to secure a lesser sentence.

[11] When deciding a claim of ineffective assistance for failure to investigate, we apply great deference to counsel's judgment. *McKnight v. State*, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013). "In addition, establishing failure to investigate as a ground for ineffective assistance of counsel requires going beyond the trial record to show what investigation, if undertaken, would have produced." *Id.* "This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result." *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998), *cert. denied* (1999).

[12] The State charged that Nellist knowingly or intentionally manufactured methamphetamine in, on, or within one thousand feet of a family housing complex. At that time, Indiana Code Section 5-31.5-2-127 (2012) defined "family housing complex" to include a building or series of buildings "operated as an apartment complex" or a hotel or motel. Hotels and motels were defined in Indiana Code Section 22-11-18-1 (2012) as "buildings or structures kept, maintained, used, advertised, or held out to the public as inns or places where sleeping accommodations are furnished for hire for transient guests." The term "apartment complex" was not defined in the criminal statutes. In *Covey v. State*, 929 N.E.2d 813, 817 (Ind. Ct. App. 2010), we rejected an argument that a definition found in the property tax statutory scheme should necessarily be utilized in the criminal context.

[13] At the post-conviction hearing, Nellist presented both testimony and argument. He referred to the place of his arrest as "500 South Main." (P-C.R. Tr. Vol. II, pg. 7.) He testified that the first two floors of the building were used for

commercial purposes, and there were "eight or nine floors" total, with "multiple apartments." *Id.* at pg. 14. Nellist indicated that his research had led him to conclude that the building was in a "central business district" zone, children were not housed there, and at least one business served alcohol. *Id.* at 20. Nellist argued that "the entire enhancement is predicated on the presence of children" and that the Legislature could not have intended the building with commercial tenants to be within the scope of the enhancement. *Id.* at 21. Nellist summarized his position as to what counsel should have done differently:

> The statutory defense were [sic] this was around here somewhere – that if a person objects during, you know, the trial phase of this and says, hey, there were no children here, and I was only in this period – for a brief period-of-time, then it's up to the State to refute that. Had Mr. Todd done that in this case, we probably wouldn't be sitting here today, because, like I said, again, the housing that was offered was for seniors 55 years and older. There were no children involved in this apartment building, if it is that.

*Id.*

[14] To the extent that Nellist now argues that his counsel allowed him to enter a plea to an enhanced offense without a sufficient factual basis as to the enhancement, we disagree. Indiana courts have recognized four methods for eliciting evidence to prove a factual basis to support a guilty plea: (1) by the State's presentation of evidence on the elements of the charged offense; (2) by the defendant's sworn testimony regarding the events underlying the charges;

(3) by the defendant's admission of the truth of the allegations in the charging information read in court; or (4) by the defendant's acknowledgement that he understands the nature of the offenses charged and that his plea is an admission of the charges. *Oliver v. State*, 843 N.E.2d 581, 588 (Ind. Ct. App. 2006), *trans. denied*.

[15] The record of Nellist's guilty plea hearing, admitted into evidence at the post-conviction hearing, indicates that the following events transpired. The trial court read the charging information, Nellist indicated that he understood it, the trial court read the applicable statute, Nellist again indicated his understanding, the trial court inquired as to the identity of the "family housing complex," and Nellist responded "500 Center." (Plea Hrg. Tr. pg. 10.) Nellist advised that he did not know at the time of the offense, but "now" knew the 500 Center to be a "family housing center." *Id.* at 11. He further stated that he was "admitting the truth of all the material facts set forth in the charge." *Id.* This was sufficient to establish the factual basis for Nellist's guilty plea. His counsel need not have argued to the contrary.

[16] To the extent that Nellist contends his counsel should have sought a reduction in the charge based upon a narrow statutory interpretation despite Nellist's decision to plead guilty, we also disagree. *See McKnight*, 1 N.E.3d at 201 (recognizing that the decision to plead guilty rests with the defendant alone and once the defendant makes that decision, this obviates the need for an attorney who has undertaken reasonable investigative efforts to continue to prepare for a defense). And had trial counsel pressed the position advocated by Nellist – that

several floors of apartments for senior living do not comprise an apartment complex – he would not be expected to prevail. *See Covey*, 929 N.E.2d at 818 (finding sufficient evidence that a place was an "apartment complex" by considering its name and the testimony that there were separate apartments and buildings, without addressing the demographic makeup of the tenants).[3]

[17] Nellist also argued to the post-conviction court that "the enhancement was repealed 115 days after [his] conviction" and his "attorney should have been aware."[4] (P-C.R. Tr. Vol. II, pg. 26.) The post-conviction court properly rejected this contention as grounds for ineffectiveness. Counsel is not required to anticipate changes in the law. *Sweeney v. State*, 886 N.E.2d 1, 8 (Ind. Ct. App. 2008), *trans. denied*.

[18] Additionally, Nellist suggests that his attorney should have emphasized[5] his mental health conditions – a bipolar diagnosis and a history of substance abuse – and thereby secured a lesser sentence. But Nellist received exactly the sentence to which he agreed. "A party may not invite error on the part of counsel and then later argue that the error supports an ineffective assistance

---

[3] The *Covey* Court also observed: "That a 'hotel or motel' would qualify as a 'family housing complex' makes it clear that our legislature was not focused on the length of lease terms to narrowly define what should qualify as a 'family housing complex.'" 929 N.E.2d at 817.

[4] Effective July 1, 2014, Indiana's Criminal Code was amended with respect to certain drug offense enhancements and defenses.

[5] To the extent that Nellist claims his attorney failed to sufficiently investigate to learn of his conditions, the record belies his assertion. Nellist testified at the post-conviction hearing that he told his attorney about the bi-polar diagnosis and substance abuse history and counsel allegedly responded, that "it didn't matter." (P-C.R. Tr. Vol. II, pg. 12.)

claim, because error invited by the complaining party is not reversible error." *McKnight*, 1 N.E.3d at 201-02. Nellist has not met his burden of showing deficient performance and prejudice therefrom to support a claim of ineffectiveness of counsel.

## Subpoenas

[19] Nellist claims that he properly moved to subpoena his trial counsel and five other witnesses, but the requests were denied for lack of relevance. In relevant part, Indiana Post-Conviction Rule 1(9) provides:

> If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

Under the post-conviction rules, the post-conviction court has the discretion to determine whether to grant or deny the petitioner's request for a subpoena. *Pannell v. State*, 36 N.E.3d 477, 486 (Ind. Ct. App. 2015). We will find that a court has abused its discretion if its decision is against the logic and effect of the facts and circumstances before it. *Id.*

[20]    The post-conviction record reveals little about the disposition of Nellist's motion or motions for subpoenas. At the outset of the post-conviction hearing, the following exchange took place:

> Court: Mr. Nellist, you get to call your first witness and present your evidence.
>
> Nellist: Your Honor, I subpoenaed six people. That was denied. I filed an appeal on that.
>
> Court: Your appeal was denied too, did you know that?
>
> Nellist: I hadn't received any paperwork from the Court of Appeals yet either.
>
> Court: The Court did. That was filed April 12, 2017.
>
> Nellist: That's yesterday, yeah.
>
> Court: An order from the Court of Appeals of Indiana denying your appeal for a number of reasons. So, we are left with you calling your first witness.

(P-C.R. Tr. Vol. II, pg. 10). The post-conviction court later advised Nellist that he had filed "documents for subpoenas" that "were not appropriate." *Id.* at 18. Based upon the limited record available to us, we cannot discern an abuse of the trial court's discretion.

# Conclusion

Nellist has not shown that he was denied the effective assistance of trial counsel. He has not demonstrated an abuse of the post-conviction court in evidentiary proceedings. The post-conviction court did not clearly err in denying Nellist post-conviction relief.

Affirmed.

Mathias, J., and Bradford, J. concur.