## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2015, 10:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Curtis Hardaway | Gregory F. Zoeller |
| Michigan City, Indiana | Attorney General of Indiana |
| | James B. Martin |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis Hardaway, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 24, 2015 <br><br> Court of Appeals Cause No. 49A02-1404-PC-261 <br><br> Appeal from the Marion Superior Court <br> Cause No. 49G01-0605-PC-95616 <br><br> The Honorable Kurt Eisgruber, Judge; The Honorable Steven J. Rubick, Magistrate |

**Barnes, Judge.**

# Case Summary

Curtis Hardaway appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

# Issues

Hardaway raises several issues, which we consolidate and restate as:

> I. whether Hardaway received ineffective assistance of trial counsel; and
>
> II. whether Hardaway's guilty plea was involuntary.

# Facts

In 2006, the State charged Hardaway with the murder of Patricia Overbuy. In 2007, Hardaway pled guilty as charged. At the sentencing hearing, the trial court found no aggravators and found two mitigators: (1) Hardaway's allegation that he suffered from untreated bipolar disorder and was depressed because of his incarceration; and (2) the fact that Hardaway accepted responsibility by pleading guilty. The trial court sentenced him to forty-five years in the Department of Correction and recommended that Hardaway receive mental health treatment. Hardaway did not file a direct appeal.

In 2012, Hardaway filed a petition for post-conviction relief. Hardaway alleged that: (1) his trial counsel was ineffective because she failed to investigate and discover Hardaway's mental health history, which according to Hardaway includes paranoid schizophrenia, bipolar mania, and suicidal tendencies; and

(2) his guilty plea was not knowing, voluntary, and intelligent because he was incompetent and insane at the time of the offense and the guilty plea. Hardaway filed a motion to proceed via affidavit, which the post-conviction court granted. However, neither Hardaway nor the State filed any affidavits. The post-conviction court entered findings of fact and conclusions of law denying Hardaway's petition for post-conviction relief. Hardaway now appeals.

## Analysis

[5] Hardaway argues that the post-conviction court's denial of his petition is clearly erroneous. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." *Id.* Our review on appeal is limited to these findings and conclusions. *Id.* Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. *Id.* (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" *Id.* (quoting *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind. 2001), *cert. denied*). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.*

## I. Ineffective Assistance of Counsel

Hardaway first argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *cert. denied*. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006).

A post-conviction claim challenging a conviction pursuant to a guilty plea is examined under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* categorizes two main types of ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. *Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pled guilty must establish that a

defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding. *Segura*, 749 N.E.2d at 499.

[8] On appeal, Hardaway argues that his trial counsel was ineffective because she failed to investigate his mental health history, failed to interview Hardaway, failed to timely file an insanity defense, and failed to obtain a competency examination. The post-conviction court rejected Hardaway's argument. The post-conviction court concluded that Hardaway had failed "to specify how additional investigation would have led to his acquittal" and had "presented no evidence of an overlooked or impaired defense, much less evidence of one that would have led to a reasonable probability of success at trial." App. p. 72. Further, the post-conviction court concluded that, based on the pre-sentence investigation report and the sentencing order, "it is apparent that Defendant's mental health issues were raised and considered before sentencing." *Id.*

[9] Hardaway makes only unsupported allegations of his mental health issues. He presented no evidence concerning his mental health and no evidence that an insanity defense would have been successful. Hardaway had the burden of presenting evidence to support his allegations, and he did not meet his burden. We cannot say that the post-conviction court's order is clearly erroneous.

## *II. Involuntary Guilty Plea*

Next, Hardaway argues that his guilty plea was unknowing, involuntary, and unintelligent because he was "totally incompetent and legally insane at the time of the charged incident and at the time of the guilty plea proceedings."

Appellant's Br. p. 11. The post-conviction court rejected his claim. The post-conviction court concluded:

> The pending petition does not allege any deficiency in the advisements the trial court made to Defendant regarding his plea, and Defendant has presented no evidence of any such deficiency. Instead, the petition contains nothing more than an unsupported assertion that Defendant was suffering from mental health problems that prevented him from comprehending the proceedings. This claim is belied by the available record in this case:
>
> > "DEFENDANT ADVISED OF RIGHTS/POTENTIAL PENALTIES. FACTUAL BASIS GIVEN. DEFT. AGREES AND COURT FINDS FACTUAL EXISTS. Court finds Defendant understands rights and knowingly and voluntarily waives rights." CCS (January 29, 2007).
>
> Given the complete absence of evidence that the trial court did not conduct such a review, together with the fact that Defendant's self-serving allegations are not the "specific facts" required to mount a successful post-conviction challenge to a guilty plea, the Court finds that this claim fails.

App. p. 70.

[10] Hardaway's unsupported allegations of insanity and incompetency are simply insufficient to demonstrate that his guilty plea was involuntary. Hardaway presented no evidence showing that he was insane or incompetent at the relevant times, and the post-conviction court's denial of Hardaway's argument is not clearly erroneous.

## Conclusion

[11] The post-conviction court properly denied Hardaway's petition for post-conviction relief. We affirm.

Affirmed.

May, J., and Pyle, J., concur.